**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

MARK BEKIER and RENEE BEKIER, :
:
       Plaintiffs,   :    Civil Action No.
:    07-0541 (NLH)
:
    v.            :
:    **OPINION**
COMMONWEALTH CONSTRUCTION CO.,:
INC., et al.,           :
:
       Defendants.  :

---

**Appearances:**
MICHAEL J. MCKENNA
MCKENNA & MARCONI, ESQS.
648 LONGWOOD AVENUE
STATE HIGHWAY 38 & LONGWOOD AVENUE
CHERRY HILL, NJ 08002
*Attorney for Plaintiffs Mark and Renee Bekier*

SHERYL LYNN BROWN
DEASEY, MAHONEY & BENDER, LTD.
SUITE 1300
1800 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA 19103-2978
*Attorney for Defendant Commonwealth Construction Co., Inc.*

**HILLMAN, District Judge**

    Before the Court is defendant Commonwealth Construction Co., Inc.'s ("CCC") motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2), or in the alternative, for improper venue pursuant to Fed.R.Civ.P. 12(b)(3).

                       I.  BACKGROUND

    CCC is a Delaware corporation with its principal place of

business in Delaware. Plaintiffs, Mark and Renee Bekier, are citizens of New Jersey. Plaintiff Mark Bekier alleges that CCC hired his employer, KNZ Construction Inc. ("KNZ"), to perform roofing work on a building located in Middleton, Delaware. KNZ is located in Dallastown, Pennsylvania. While in the course and scope of his employment, Mark Bekier fell approximately ten feet to the ground while preparing the roofing for installation of a "cowl wall system." The Bekiers filed a negligence claim for failing to provide a safe workplace, and a loss of consortium claim against CCC. We have subject matter jurisdiction over this action because the plaintiffs are citizens of New Jersey, CCC is a Delaware corporation with its principal place of business in Delaware, and the amount in controversy exceeds $75,000. See 28 U.S.C. 1332 (diversity of citizenship).[1]

## II.   DISCUSSION

### A.   Standard for Personal Jurisdiction

CCC has challenged this Court's exercise of personal

---

[1] Plaintiff also named as defendants "John Does 1-20" but did not allege any facts regarding their citizenship. Accordingly, the unnamed defendants are not considered for purposes of establishing diversity. See Brooks v. Purcell, 57 Fed.Appx. 47, 50 (3d Cir. 2002) ("... there is no doubt that in determining whether there is complete diversity of citizenship we disregard the John Doe and Jane Doe defendants inasmuch as 28 U.S.C. § 1441(a) provides that for purposes of removal 'the citizenship of defendants sued under fictitious names shall be disregarded.'"); Vail v. Doe, 39 F.Supp.2d 477 (D.N.J. 1999) (finding that plaintiff's assertion that upon his information and belief the defendant was a citizen of New York was not enough to satisfy his burden to establish complete diversity between the parties).

2

jurisdiction over it and moved to dismiss this case pursuant to Fed.R.Civ.P. 12(b)(2). As a United States District Court sitting in Camden, New Jersey in a diversity case, we look to the law of New Jersey for the exercise of personal jurisdiction over non-resident defendants. See Fed.R.Civ.P. 4; Overseas Food Trading, Ltd. v. Agro Aceitunera S.A., No. 06-800, 2007 WL 77337, at *4 (D.N.J. Jan. 8, 2007). "New Jersey's long arm statute allows the exercise of personal jurisdiction over non-resident defendants to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment." Id. (citing Nicholas v. Saul Stone & Co., 224 F.3d 179, 184 (3d Cir. 2000)). "Pursuant to the Due Process Clause of the Fourteenth Amendment, *in personam* jurisdiction may be asserted over a nonresident so long as the defendant has 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Telcordia Tech Inc. v. Telkom SA Ltd, 458 F.3d 172, 177 (3d Cir. 2006) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Personal jurisdiction is broken down into two types: general and specific. See Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 100 (3d Cir. 2004) (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408 (1984)). CCC argues that plaintiffs have failed to establish either specific jurisdiction or general jurisdiction. In order to defeat CCC's motion to dismiss for lack of personal jurisdiction, the Bekiers must

3

present a *prima facie* case for jurisdiction.  See O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007) (stating that if no evidentiary hearing is held, plaintiff need only establish a *prima facie* case and have their allegations taken as true and factual disputes settled in their favor) (citations omitted).  Although their presented evidence is accepted as true, it is still plaintiffs' burden to prove, by a preponderance of the evidence, facts that would establish personal jurisdiction.  See New Jersey Sports Productions, Inc. v. Don King, 15 F.Supp.2d 534, 544 (D.N.J. 1998)(citing Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992); McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 181-83 (1936)).  "Moreover, a claimant is required to sustain its burden through sworn affidavits or other competent evidence; a plaintiff cannot rely, at any stage, solely upon the pleadings in order to withstand an in personam jurisdictional attack."  Id. (citing Stranahan Gear Co., Inc. v. NL Indus., 800 F.2d 53, 58 (3d Cir. 1986); Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 67 n. 9 (3d Cir. 1984)).

**B.  General Jurisdiction**

Plaintiffs appear to concede that specific jurisdiction does not exist.[2]  They acknowledge that their "cause of action did not

---

[2] In order to establish specific jurisdiction: "[f]irst, the defendant must have 'purposefully directed [its] activities' at the forum."  O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007) (citing Burger King Corp. Rudzewicz, 471 U.S.

4

arise in New Jersey" and instead focus their entire argument on trying to establish general jurisdiction.[3]  The standard for

---

462, 472 (1985).  "Second the litigation must 'arise out of or relate to' at least one of those activities." Id. (citing Helicopteros, 466 U.S. at 414; Grimes v. Vitalink Commc'ns Corp., 17 F.3d 1553, 1559 (3d Cir. 1994).  "And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with 'fair play and substantial justice.'" Id. (citing Burger King, 471 U.S. at 476 (1985), quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)).

[3] CCC argues in its reply that the Bekiers' response should be stricken because it was untimely filed.  The motion to dismiss was filed on March 1, 2007.  According to Local Rule 7.1(d)(2), the opposition brief was due March 23, 2007 (fourteen days prior to the returnable date of April 6, 2007).  Plaintiffs' counsel did not request an extension and did file his response until April 17, 2007, twenty-five days past the deadline.  It is within this Court's discretion to dismiss any brief that has not been timely filed. See L.Civ.R. 7.1(d)(7); see U.S. v. Eleven Vehicles, Their Equipment and Accessories, 200 F.3d 203, 214 (3d Cir. 2000)(concluding that local court rules play a significant role in the district courts' efforts to manage themselves and their dockets and holding that "it is not an abuse of discretion for a district court to impose a harsh result, such as dismissing a motion or an appeal, when a litigant fails to strictly comply with the terms of a local rule"); Croker v. Applica Consumer Products, No. 05-3054, 2006 WL 626425, at *3 (D.N.J. March 10, 2006)(refusing to consider exhibits to a motion filed beyond deadlines established by L.Civ.R. 7.1).
    Given that we are considering a motion to dismiss, and dismissal of plaintiffs' complaint could bar the claim pursuant to the statute of limitations, we decline to exercise our discretion in striking plaintiffs' response. See Player v. Motiva Enterprises, No. 02-3216, 2006 WL 166452, at *3 (D.N.J. Jan. 20, 2006) (deciding to consider untimely filing because the Court should not grant a motion for summary judgment without examining the merits).  However, we also note that plaintiffs' counsel violated the rules a second time by filing a sur-reply on April 30, 2007, without first obtaining the Court's permission. See L.Civ.R. 7.1(d)(6).  The sur-reply is stricken for failure to comply with the Local Rules of this Court.  Although we do not consider the arguments in the sur-reply, we note that striking the sur-reply will not result in unjust harm to the plaintiffs since the sur-reply does not provide any additional facts upon

general jurisdiction is well known.  This Court has jurisdiction when the defendant has "continuous and systematic" contacts with the forum state.  See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408 (1984)).  "If general jurisdiction exists, the contacts between the defendant and the forum need not be specifically related to the underlying cause of action in order for an exercise of personal jurisdiction over the defendant to be proper."  Pinker v. Roche Holdings Ltd., 292 F.3d 361, 369 n. 1 (3d Cir. 2002)(relying on Provident Nat'l Bank v. Calif. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 438 (3d Cir. 1987)).  "The level of contacts required for exercising general jurisdiction is significantly higher than for the other type, specific jurisdiction."  New Jersey Sports Productions, 15 F.Supp.2d at 544 (citing Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987)).  Examples of contacts that could establish general jurisdiction in the forum state are the existence of: facilities, offices, employees, registered agents, real property, telephone listings or bank accounts.  See Osteotech, Inc. v. Gensci Regeneration Sciences, Inc., 6 F.Supp.2d 349, 352 (D.N.J. 1998); see also Ameripay, LLC v. Ameripay Payroll, Ltd., 334 F. Supp.2d 629 (D.N.J. 2004)(relying on Compagnie des Bauxites de Guinea v. Ins. Co. of N. America,

---

which this Court could establish personal jurisdiction.

6

651 F.2d 877, 891 n. 2 (3d Cir. 1981)(Gibbons, J. dissenting) for examples of "daily presence" needed for general jurisdiction, such as weekly advertising, regular solicitation of business, substantial product sales, and maintenance of a telephone number in the forum state).

Here, plaintiffs have not shown that CCC has any facilities, offices, employees, registered agents, real property, telephone listings or bank accounts in New Jersey.  See Osteotech, 6 F. Supp.2d at 352.  In opposition, CCC submitted the affidavit of Beau Vinton, President of CCC, who states that CCC is not licensed to do business in New Jersey; has never conducted business in New Jersey; and has no offices located in New Jersey.

Plaintiffs base their entire argument for general jurisdiction on the affidavit of Gary R. Krohn, an investigator for the law firm of Michael McKenna.  Mr. Krohn states that on January 30, 2007, he telephoned CCC by using the number 302-654-6611.[4]  He states that "[a] female answered the phone and indicated that she was familiar with Commonwealth Construction's business."  Mr. Krohn also stated that the same woman told him CCC did not operate a website but that she would send him a brochure, and indicated that the brochure would be sent to New Jersey.  Finally, Mr. Krohn stated that he asked the woman if CCC

---

[4] The telephone exchange "302" is used for the State of Delaware.  See **http://www.411.com/area_zip_codes.**

"did business in any states besides Delaware" and that she responded that CCC did work "all over the area," including New Jersey, Pennsylvania, Delaware and Maryland. The affidavit was notarized by plaintiffs' attorney, Michael McKenna, as an attorney affidavit.[5]

Even taking the facts presented by plaintiffs as true, the affidavit does not satisfy their burden. The affidavit only provides that Mr. Krohn called CCC at its Delaware office and was told by an unidentified woman that CCC does work "all over the area." The implication that doing business "all over the area" includes New Jersey was provided by Mr. Krohn, and was not quoted as being uttered by the unidentified woman.[6] Even taking all inferences in the Bekiers' favor, and assuming that the woman

---

[5] Although there are markings in the area that show the year, 2007, the month and day are illegible.

[6] In addition, we note that the statements in the affidavit about what the woman said on the telephone are offered as evidence to prove the truth of the matter and, therefore, qualify as hearsay. See Fed.R.Evid. 801(c). The Bekiers have not offered any exception to the hearsay rule or authority to permit this Court to accept the hearsay affidavit as evidence in considering a motion to dismiss. See King v. City of Philadelphia, 66 Fed. Appx. 300, 304-305 (3d Cir. 2003)(stating, "[h]earsay evidence produced in an affidavit opposing summary judgment may be considered [pursuant to Fed.R.Civ.P 56(e)] if the out-of-court declarant could later present that evidence through direct testimony... .")(citations omitted). We do not decide the exact issue concerning the admissibility of the hearsay affidavit because, even assuming its admissibility for purposes of deciding this motion and that the facts as alleged in the affidavit are true, the affidavit still does not establish general jurisdiction.

answering the phone had authority to speak for the company (a fact which the Bekiers have not established), the utterance that CCC does work "all over the area" does not establish "continuous and systematic" contacts in New Jersey.

Also, even if CCC sent the requested brochure, the act of sending a brochure to a New Jersey resident is not enough to confer general jurisdiction.  See Grinman v. Slots-A-Fun Casino, No. 93-2176, 1993 WL 360749, at *3 (D.N.J. Sept. 13, 1993) (finding that plaintiff failed to "establish general jurisdiction by claiming that Slots-A-Fun's mailing of brochures to New Jersey travel agents constitutes 'continuous and systematic' contacts with the State of New Jersey.")[7]

Even accepting all facts presented by plaintiffs as true, and taking all inferences in their favor, the Bekiers have provided no facts upon which this Court could exercise personal jurisdiction.

---

[7] The affidavit also states that Mr. Krohn was told that CCC does not maintain a website.  This is only relevant in that recent cases addressing the issue of general jurisdiction deal with the level of interactivity of the company's website in conjunction with other purposeful contacts. See Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. 2003)(finding plaintiff failed to prove "purposeful availment" requirement because it did not directly target its web site to the state, knowingly interact with residents of the forum state via its web site, or conduct activity through sufficient other related contacts); Osteotech, 6 F.Supp.2d at 354 (finding that print advertisement and internet website were insufficient proof to confer general jurisdiction).  Here, not only did CCC not maintain a highly interactive website, it maintained no website at all.

### C. 28 U.S.C. § 1406(a)

Finding that plaintiffs have not met their burden in establishing that this Court has personal jurisdiction over the defendant, we do not address CCC's alternative argument, that this case should be dismissed for improper venue. Nonetheless, the Bekiers argue in their response that we should not dismiss this case for improper venue, but should transfer it to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1406.

Section 1406 permits a district court to either dismiss or transfer a case to another court even if it does not have jurisdiction. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962) (establishing that the language of § 1406 is broad enough to authorize the transfer of cases where the plaintiff has filed in a court that does not have jurisdiction over the defendant). Section 1406(a) provides in pertinent part:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

Given that we have the authority to transfer this case "in the interest of justice," we find that transfer of this case to the District Court in Delaware is appropriate. Plaintiffs have stated that they filed this case in the District of New Jersey on

10

the basis that CCC "had sufficient contact" with the State of New Jersey and there is no evidence that plaintiffs brought this case in bad faith. See Lafferty, 495 F.3d at 78 n. 7. Also, an outright dismissal of this case could result in the claim being barred by the applicable statute of limitations. See Goldlawr, 369 U.S. at 467 (concluding that the filing of a case shows the proper diligence by the plaintiff to begin his case and toll the statute of limitations and that transfer may be appropriate so as not to penalize the plaintiff with "time-consuming and justice-defeating technicalities"). Since Delaware's statute of limitations is at least as long as New Jersey's statute of limitations for negligence, see Read v. Local Lodge 1284, Int'l Ass'n of Machinists and Aerospace Workers, 528 F.2d 823 (3d Cir. 1975) (stating that Delaware's two-year statute of limitations for personal injury claims is the exception to Delaware's general three-year statute), we are not concerned that plaintiffs purposefully filed in the District of New Jersey in order to "forum shop." See Lafferty, 495 F.3d at 78 n. 7 (finding that limitations period was the same in transferor court as in transferee court, so that the "specter of forum-shopping" was not raised permitting parties to purposefully file an action in a district court with improper venue simply to take advantage of that court's longer statute of limitations).

Finally, the parties appear to agree that Delaware is the appropriate venue for this case. The Bekiers request that the

11

action be transferred to the District Court for the District of Delaware and defendants recite that the accident occurred in Delaware, the plaintiff was working in Delaware when the accident occurred, and the defendant is a Delaware corporation with a principal place of business in Delaware.  Thus, it is appropriate for this case to be transferred to Delaware.

### III.  CONCLUSION

This Court cannot exercise personal jurisdiction over the defendant, Commonwealth Construction Co., Inc., based on the facts of this case.  Also, the District of New Jersey is the not the proper venue for this matter.  However, this case will not be dismissed, but will be transferred to the United States District Court of the District of Delaware pursuant to 28 U.S.C. § 1406. An Order consistent with this Opinion will be entered.

    s/Noel L. Hillman
    NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

Dated: October 11, 2007

12